Mohammed AL–ADAHI, Petitioner,

v.

Barack OBAMA, et al., Respondents.

Civil Action No. 05–280 (GK)

United States District Court, District of Columbia.

Signed August 7, 2014

---

Patricia L. Maher, David M. Barnes, Diana J. Pomeranz, Ilyse B. Stempler, King & Spalding, Washington, DC, Richard G. Murphy, Jr., Elizabeth V. Tanis, Sutherland Asbill & Brennan LLP, Washington, DC, John A. Chandler, Jonathan D. Letzring, King & Spalding LLP, Atlanta, GA, Stewart Eisenberg, Weinberg & Garber P.C., Northampton, MA, Elizabeth V. Tanis, Sutherland, Asbill & Brennan LLP, Atlanta, GA, Pardiss Kebriaei, Baher Azmy, New York, NY, for Petitioner.

Mary Elizabeth Carney, Paul Edward Ahern, Robert C. Dalton, Scott Michael Marconda, Sean W. O'donnell, Jr., Terry Marcus Henry, Alexander Kenneth Haas, Andrew I. Warden, August Edward Flentje, Dalin Riley Holyoak, David Hugh White, James J. Schwartz, Joseph Charles Folio, III, Julia A. Berman, Kathryn Celia Davis, Lisa Zeidner Marcus, Robert J. Prince, Rodney Patton, Sarah Maloney, Mary Elizabeth Carney, Paul Edward Ahern, Terry Marcus Henry, John Hunter Bennett, U.S. Department of Justice, Washington, DC, for Respondents.

## MEMORANDUM ORDER

Gladys Kessler, United States District Judge

Petitioner has filed a Motion to Reopen Case and For Judgment on Petition for Writ of Habeas Corpus [Dkt. No. 640]. Upon consideration of the Motion, the Government's Opposition [Dkt. No. 645], the Petitioner's reply [Dkt. No. 649], and, above all, on the applicable case law from our Court of Appeals, the Court concludes that the Motion must be, and shall be, **denied.**[1]

For more than 12 years, Petitioner, Mohammed Al–Adahi, has been held at Guantanamo Bay. He filed a Petition for Writ of Habeas Corpus on February 7, 2005 [Dkt. No. 1]. In August, 2009, after a hearing on the merits, the Court granted the habeas petition. Al–Adahi v. Obama, 2009 WL 2584685 (D.D.C. Aug. 21, 2009). The Government appealed, and the Court of Appeals reversed and remanded with instructions to deny the Petition. Al–Adahi v. Obama, 613 F.3d 1102 (D.C. Cir. 2010). On June 21, 2011, the Court granted the Government's Unopposed Motion for Entry of Final Judgment [Dkt. No. 606] and denied Mr. Al–Adahi's Petition for Writ of Habeas Corpus [Minute Order, June 21, 2011].

On January 22, 2010, the Guantanamo Review Task Force ("Task Force"), which was created by President Obama, pursuant to Executive Order 13,492, issued its final report, which included a determination that petitioner "may be transferred if the security situation in Yemen improves [ ] [or if] an appropriate rehabilitation program or third country resettlement option becomes available[.]" Task Force Final Report at 12–13.

Petitioner remains conditionally cleared for release since the action of the Task Force. Petitioner alleges that his health has declined so substantially that the possibility of "any significant physical activity—much less any involvement in the hostilities—is virtually impossible. . . . [T]herefore, no legitimate basis for Petitioner's continued detention [exists] and he should be released and repatriated to Yemen." Pet.'s Mem. at 1. Despite having been cleared for release approximately four and one-half years ago, Petitioner remains at Guantanamo Bay and the Government has refused to provide his counsel any time line for when he will be allowed

---

1. Petitioner is moving to reopen his habeas petition. As the Government pointed out in its Opposition at page 1 n 1, there are serious objections to proceeding in this manner. The Court need not address those issues in light of the clarify of the applicable case law regarding the merits of the Motion.

to return to his wife and two children in Yemen.

The ruling of our Court of Appeals in Ali Awad v. Obama, 608 F.3d 1 (D.C. Cir. 2010), provides the answer to Petitioner's claim and governs this case. In Awad, whose leg had been amputated, Petitioner argued that "the District Court erred in denying his petition [for release] without a specific factual finding that [he] would be a threat to the United States and its allies if he were released." Id. at 4, 11. The Court of Appeals rejected this argument, and relying upon its earlier decision in Al–Bihani v. Obama, 590 F.3d 866, 874 (D.C. Cir. 2010), which examined the scope of the Executive Branch's detention authority under the Authorization for the Use of Military Force ("AUMF"), Pub. L. 107–40, 115 Stat. 224 (2001), held that the "United State's authority to detain an enemy combatant is not dependent on whether an individual would be a threat to the United States or its allies if released but rather upon the continuation of hostilities." Id. The Court of Appeals went on to make it clear that "[w]hether a detainee would pose a threat to U.S. interests if released is not the issue in habeas corpus proceedings in federal courts concerning aliens detained under the authority conferred by the AUMF." Id. (emphasis added).

Petitioner relies heavily on Basardh v. Obama, 612 F.Supp.2d 30 (D.D.C. 2009), where the District Court ordered the release of Basardh, a Yemeni national, when the prospects that he would take up arms "[was], at best, a remote possibility." Id. at 35. First, Basardh was decided over a year before Awad. Second, and more significantly, with all due respect to the fine District Court Judge who wrote that Opinion, our controlling authority is the Court of Appeals decision in Awad, rather than a

District Court decision. As the Government summarized "[t]he Basardh decision ... predates and is fundamentally inconsistent with the decision of the Court of Appeals in Awad." Govt. Opp'n at 11. The Court agrees.

For all these reasons, Petitioner's Motion must be **denied.**[2]

---

**2.** The Court is aware that it has not addressed a number of other arguments that Petitioner raised in his Motion. Because of the broad ruling in Awad, there is no need to consider those arguments.